UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID BAKER, JR. ,

    Plaintiff,

v.                                          Case No: 2:18-cv-198-FtM-99CM

ARMANDO CRUZ,

    Defendant.
_____/

### **OPINION AND ORDER**[1]

This matter comes before the Court on initial review of the file. Plaintiff David Baker, Jr., who is an inmate in the Lee County Jail, initiated this action by filing a Complaint against Armando Cruz for false imprisonment and slander. (Doc. 1, "Complaint"). Plaintiff accompanied the filing of his Complaint with a request to proceed *in forma pauperis* (Doc. 2). The Complaint is not on the approved form and in reality is nothing more than a "Notice of Pendency of Other Actions" form from another case filed by Plaintiff against the Lee County Sheriff's Office. (Doc. 1). Nonetheless, it would be futile to direct Plaintiff to file an amended complaint on the approved form because Plaintiff is a three-strike litigant. Thus, the Court will dismiss the Complaint. If Plaintiff should re-

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

file the complaint in a new action, it must be accompanied with the requisite $400 filing fee.

In pertinent part, The Prison Litigation Reform Act (PLRA) contains the following subsection:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claims upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The Court takes judicial notice of the following filings brought by Plaintiff in a federal court that qualify as a dismissal under § 1915(g):

- *David Baker, Jr. v. John J. McDougall, et al.*, Case No. 2:99-cv-328-25D, (M.D. Fla. July 15, 1999) (dismissing case for failure to exhaust administrative remedies);[2]
- *David Baker, Jr. v. Keefe Commissary Network Sales,* Case No. 2:99-cv-406-24D, (M.D. Fla. Aug. 16, 1999) (dismissing complaint as sanction for Plaintiff providing false statements on complaint form);[3]
- *David Baker, Jr. v. John J. McDougal et al.*, Case No. 2:99-cv-405-25D, (M.D. Fla. Aug. 19, 1999) (dismissing complaint as sanction for Plaintiff providing false statements on complaint form);
- *David Baker, Jr. v. Lee County Sheriff John J. McDougal et al.*, Case No. 2:99-cv-389-23D, (M.D. Fla. Aug. 31, 1999) (dismissing complaint as "frivolous");
- *David Baker, Jr. v. John J. McDougall, et al.*, Case No. 2:99-cv-431-18, (M.D. Fla. Sept. 22, 1999) (dismissing case a "frivolous").

Because Plaintiff is incarcerated, has had three or more qualifying dismissals, and is not under imminent danger of serious physical injury, this action will be dismissed

---

[2] Dismissal for failure to exhaust administrative remedies is "tantamount to one that fails to state a claim upon which relief may be granted." *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (*abrogated on other grounds* by *Jones v. Bock*, 549 U.S. 199 (2007)).
[3] Dismissal for lying under penalty of perjury on complaint form about existence of prior lawsuit constitutes "abuse of the judicial process" and counts as a strike under 28 U.S.C. § 1915(g). *Rivera,* 144 F.3d at 731.

without prejudice to Plaintiff filing a new civil rights complaint form and paying the full $400 filing fee when the complaint is filed.

Accordingly, it is now

**ORDERED:**

1. This case is **DISMISSED** without prejudice under 28 U.S.C. § 1915(g).

2. The **Clerk of Court** is directed to terminate any pending motions, close this case, and enter judgment accordingly.

**DONE** and **ORDERED** in Fort Myers, Florida this 3rd day of April, 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:
All Parties of Record
SA: FTMP-2